■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT FASANO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE MONACO, Appellant.—

As to defendant Fasano, the evidence adduced was sufficient to establish beyond a reasonable doubt his guilt of the crime of which he was convicted. We find in the record no error which affected any substantial rights of this defendant: Evidence of an assault by the two defendants upon two of decedent's associates a short time before the homicide was, in our opinion, properly received as proof of motive, and of a common plan or scheme (cf. *People* v. *Molineux*, 168 N. Y. 264; *People* v. *Lieberman*, 3 N Y 2d 649).— Neither did the trial court commit prejudicial error, as defendant Fasano claims, in refusing to permit the defense counsel to inspect prior statements made by the People's witnesses and their prior testimony before the Grand Jury (cf. *People* v. *Rosario*, 9 N Y 2d 286). Counsel made no request for such statements and testimony for use on cross-examination; counsel asked merely that they be submitted to the trial court for a determination whether counsel, under the law, might be permitted to see them. When the court had read the statements and testimony and so informed defense counsel, counsel merely requested that they be marked for identification and took no exception to the court's failure to deliver them to him for his examination. Error was committed, even under these circumstances, when the trial court failed to deliver to defense counsel, without further request, the statements made by the witness Clifford before the Grand Jury and to an Assistant District Attorney (cf. *People* v. *Walsh*, 262 N. Y. 140). But, in our opinion, there was no rational possibility in view of the overwhelming evidence of defendant Fasano's guilt, that as to him the jury would have reached a different verdict if his counsel had been allowed the use of such prior statements (Code Crim. Pro., § 542). On appeal by defendant Monaco, judgment reversed on the law, and a new trial ordered. Monaco, who was not armed, was convicted on the theory that he had aided and abetted and acted in concert with Fasano, who actually fired the shot which killed the decedent. Monaco was convicted after a charge in which the jury were instructed that a person who aids or abets the commission of a crime or directly or indirectly counsels, commands, induces or procures another to commit a crime, is a principal. There was no exception to the charge, but defense counsel requested the court to charge the jury that if they had any reasonable doubt as to whether Monaco was a principal, as the court had " described it," they must acquit Monaco. The trial court declined to amplify his charge, basing such declination on the ground that the subject matter had already been covered in the main charge. This was error, which requires a reversal of the judgment against this defendant. Nowhere in the main charge had the court given the instruction requested. In view of the conviction of defendant Monaco of the crime of murder in the second degree, which required a finding that he had aided and abetted his codefendant in the commission of homicide without deliberation and premeditation (cf. *People* v. *Legacy*, 4 A D 2d 453 and cases cited, p. 455), it is our opinion that the general instructions which were given, to the effect that guilt was required to be established beyond a reasonable doubt, were not sufficient to justify a refusal of the charge as requested. Under the circumstances, the findings of fact implicit in the verdict against defendant Monaco have not been considered. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.